IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |                       |
|---|---|---|
|                          | ) |                       |
| vs.                      | ) | Criminal No. 16-121   |
|                          | ) |                       |
| DAVID HAMMOND,           | ) |                       |
|                          | ) |                       |
| Defendant.               | ) |                       |

# MEMORANDUM ORDER

AND NOW, this 21st day of December, 2016, upon consideration of Defendant David Hammond's Motion for Review of Detention Order (Docket No. [33]); the Government's Opposition thereto (Docket No. [37]); and after conducting a de novo review of the detention order issued by United States Magistrate Judge Robert C. Mitchell on July 8, 2016, (Docket No. [22]); the transcript of the proceedings before Magistrate Judge Mitchell on July 6, 2013, (Docket No. [36]), during which the Government presented the testimony of United States Probation Officer Leah Masciantonio and Special Agent Neil Carman and Defense counsel proffered certain facts supporting Defendant's request for bond; the Bond Report prepared by Pretrial Services; and the letters submitted by the parties, (Docket Nos. [33-3], [37-1], [37-2]);

IT IS HEREBY ORDERED that Defendant's Motion [33] is DENIED. In so holding, the Court makes the following findings:

1. Defendant's request for an evidentiary hearing before this Court is denied because the evidentiary record as to the issue of pretrial detention was fully developed before Magistrate Judge Mitchell, *see United States v. Delker*, 757 F.2d 1390 (3d Cir. 1985), and "'[t]his court may make its independent determination'" on the issue of pretrial detention "'based solely upon the evidence introduced at the prior hearing.'" *United*

1

*States v. Burgess*, No. 09-CR-150, 2009 U.S. Dist. LEXIS 57781, at *4 (W.D. Pa. July 8, 2009) (McVerry, J.) (quoting *United States v. Farris*, No. 08-CR-145, 2008 U.S. Dist. LEXIS 36937, at *19 (W.D. Pa. May 1, 2008)). In addition, Defendant has not proffered any additional material facts in his current Motion which were not presented to Magistrate Judge Mitchell and would support his requested release such that a hearing is necessary to permit the introduction of any such new evidence. (*See* Docket Nos. 33, 36). Rather, the Court has considered the information provided by both parties as to Defendant's medical condition and treatment plan.

2. This Court agrees with Magistrate Judge Mitchell's determination that there is probable cause to believe that the defendant has committed the offense charged in the Indictment, i.e., possession of a firearm and ammunition on or about April 25, 2016, after having been convicted, on or about July 18, 2005, at Docket Number CP-02-5762-2005 in the Court of Common Pleas of Allegheny County of the crime of possession with intent to deliver a controlled substance, which is a crime punishable by imprisonment for a term exceeding one year, contrary to the provisions of 18 U.S.C. § 922(g)(1), (Docket No. 1), based on the grand jury's return of same. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) ("[A]n indictment is a sufficient substitute for a preliminary hearing to establish probable cause."); *see also United States v. Gibson*, 481 F. Supp. 2d 419, 422 (W.D. Pa. 2007) (citing *Suppa*, 799 F.2d at 119).

3. The Court further agrees with Magistrate Judge Mitchell's conclusion that the evidence presented by Defendant was insufficient to meet his burden to rebut the

applicable presumption that no conditions will reasonably assure his appearance and the safety of the community. *See United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (explaining that to rebut the presumption, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community"). In addition, this Court concludes that even if Defendant had met his evidentiary burden to rebut the applicable presumption, the Government has presented clear and convincing evidence that pretrial detention was and is appropriately ordered in this case. *See Gibson*, 481 F. Supp. 2d at 423 ("If the presumption is rebutted, the facts employed to support detention must 'be supported by clear and convincing evidence.'") (quoting 18 U.S.C. § 3142(f)). In reaching these decisions, the Court has conducted an independent examination of the record evidence and balanced the four factors set forth under 18 U.S.C. § 3142(g), i.e.,

  a. The nature and circumstances of the offense charged;

  b. The weight of the evidence against the person;

  c. The history and characteristics of the person; and,

  d. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

This Court finds that, on balance, the evidence presented at the detention hearing favors the Government on each of these cited factors.

4. First, Defendant has been indicted for a very serious offense. (Docket No. 1). Indeed, § 3142(g)(1) specifically includes whether the offense involved a firearm. Further, a conviction for the possession of a firearm by him may result in the

3

imposition of a sentence of up to ten years' imprisonment. (Docket Nos. 1, 2); *see* 18 U.S.C. §§ 922(g)(1) and 924(a)(2); *United States v. Tyson*, No. 07-CR-203, 2007 U.S. Dist. LEXIS 95281, at *12-13 (E.D. Pa. Dec. 21, 2007) (noting that felon in possession of a weapon is a serious crime and whether crime involved a firearm to be considered). However, if it is determined that Defendant has three prior violent felonies or controlled substance offenses, then he may be subject to penalties of fifteen years' to life imprisonment. As such, this factor weighs in favor of detention.

5. Second, the evidence against Defendant, which was not meaningfully contested at the detention hearing, appears to be strong. (Docket No. 36). To this end, Special Agent Carman of the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified that law enforcement responded to a call reporting a suspicious parked vehicle on April 25, 2016. (*Id.* at 17). Special Agent Carman stated that upon arriving to the scene, officers discovered Defendant inside the vehicle in possession of a firearm. (*Id.* at 17-18). The firearm, which was seized along with narcotics, was a revolver that contained five rounds. (*Id.* at 18). Ownership or sole possession of the firearm is not required, as § 922(g) prohibits "the felon from knowingly possessing his (or another person's) guns." *Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015) (emphasis omitted). The testimony regarding Defendant's possession of the weapon, which the Court finds credible and strong, provided evidence of physical possession of the firearm in Defendant's own hand. (Docket No. 36 at 17-18). All told, while recognizing that Defendant is presumed innocent of the charged offense, the weight of the evidence presented by the Government to this point against Defendant favors

pretrial detention.

6. Third, with respect to his history and characteristics, this Court considers Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct history relating to drug or alcohol abuse, criminal history, and record concerning appearance. "The Court is further guided by section 3142(g)(3)(B)[,] which counsels the court to consider 'whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law.'" *United States v. Atkins*, No. 15-CR-87, 2015 U.S. Dist. LEXIS 108862, at *22 (W.D. Pa. Aug. 18, 2015) (quoting 18 U.S.C. § 3142(g)(3)(B)).

7. At the outset, the Court observes that at the time Defendant was found in possession of the firearm, he was on parole for two cases referenced at CP 5062-2003 and CP 5762-2005. (Docket No. 36 at 9). Further, the Parole and Probation Board advised that Defendant had absconded in November 2008 and remained in absconder status until he was arrested in July 2015.[1] (*Id.* at 9-10). Thus, § 3142(g)(3)(B) weighs in favor of detention.

8. Given the considerations under § 3142(g)(3)(A), the Court notes that Defendant is thirty-five years old, is a lifelong resident of Western Pennsylvania, and has his GED. (*Bond Report* at 1). Defendant has never been married but has two children from two previous relationships. (*Id.* at 2). Defendant maintains daily contact with his twenty-

---

[1] Given his ten-year absconder status, the Court must reject Defendant's argument that "his last criminal conviction was over ten years ago." (*Id.* at 22).

year-old son and three-year-old daughter. (*Id.* at 1-2). Defendant has lived with his grandmother, Joyce Hammond, since 1994. (*Id.* at 2). His fiancée, Brandy Pawling, is employed as an LPN at a nursing home. (*Id.*; Docket No. 36 at 8, 13).

9. Regarding his employment, Ms. Pawling advised that Defendant was scheduled to begin classes to obtain a commercial driver's license. (*Bond Report* at 2; Docket No. 36 at 13). Defendant reported under-the-table construction jobs as his only employment history. (*Bond Report* at 2; Docket No. 36 at 14). Because the Pretrial Services/Probation Office is unable to verify such employment, the Court concludes that Defendant lacks verifiable legitimate employment.

10. Defendant's prior criminal history is significant and dates back to his teens. (*See Bond Report* at 3-8). In sum, Defendant has convictions and adjudications for disorderly conduct, resisting arrest or other law enforcement (multiple), aggravated assault (multiple), possession of a controlled substance (multiple), possession and/or distribution of marijuana (multiple), tampering with or fabricating physical evidence, criminal conspiracy to commit a crime, delivery and possession with intent to deliver a controlled substance (multiple), criminal conspiracy as to the delivery and possession with intent to deliver a controlled substance, theft by unlawful taking (multiple), receiving stolen property (multiple), recklessly endangering another person (multiple), driving without a license, reckless driving, firearms not to be carried without a license (multiple), simple assault (multiple), fleeing or attempting to elude, unauthorized use of automobile and other vehicles (multiple), duties at a stop sign, traffic control signals, robbery, former convict not to own firearm (multiple),

and criminal mischief. (*See id.*). The offenses that Defendant committed in 1999, 2000, 2001, 2002, 2003, 2005, and 2015 occurred while he was on bond, probation, or parole. (*See id.* at 4-7). Moreover, as discussed above, Defendant had absconded in November 2008 and remained in absconder status until he was arrested in July 2015. He was also on parole for two cases when he committed the instant offense. Therefore, the Court finds in addition to his significant criminal history, that Defendant has shown a lack of respect for conditions, for which there is ample evidence in the record.

11. Defendant does not have a mental health history. (*Bond Report* at 2). While Defendant reported that he does not have a substance abuse history, Ms. Masciantonio testified that his criminal history is indicative of substance abuse because several charges were for drug offenses. (*Id.* at 2, 8; Docket No. 36 at 15). Indeed, as noted above, Defendant has been charged with possession of a controlled substance, delivery and possession with intent to deliver a controlled substance, possession of marijuana, and/or criminal conspiracy to deliver or possess with intent to deliver a controlled substance in 1998, 1999, 2002, 2005, 2015, and 2016. (*Bond Report* at 3-8). Accordingly, the Court finds that Defendant's criminal history is indicative of substance abuse.

12. The basis of Defendant's Motion relates to his current physical condition. Specifically, Defendant states that he was recently diagnosed with cancer and must receive treatment in an environment that reduces the risk of infection. (Docket No. 33 at 1-2). Defendant further states that his treatment was interrupted when he was

transferred from the Northeast Ohio Correction Center to the Allegheny County Jail, where he was housed with ill inmates and feared contracting a virus. (*Id.* at 2-3). Defendant asserts that his treatment was again disrupted when he was transferred back to the Northeast Ohio Correction Center. (*Id.* at 3).

13. Attached to his Motion, Defendant has included a letter from Nathan W. Mesko, M.D., dated November 28, 2016. (Docket No. 33-3). Dr. Mesko states that Defendant will need at least six cycles of chemotherapy, which will take approximately three months and will be followed by five weeks of radiation therapy. (*Id.* at 1). Dr. Mesko also notes that if Defendant remains in a detention facility, then he may be susceptible to illnesses that will further delay his treatment. (*Id.* at 1-2). Dr. Mesko requests that Defendant be permitted to transport himself from his home in Pittsburgh. (*Id.* at 2). Alternatively, Dr. Mesko requests that the Court determine where Defendant will remain for nine months — when his treatment will likely be completed — and prohibit transfer between facilities during that time. (*Id.*).

14. As an initial matter, the Court notes that Defendant's case in the Court of Common Pleas of Allegheny County has been closed since August 12, 2016. *See* CP-02-CR-6875-2016. As Defendant currently has no cases pending before the Court of Common Pleas of Allegheny County, he will not be transferred to the Allegheny County Jail within the next nine months. Moreover, the Northeast Ohio Correction Center's Clinical Supervisor, Lacey Steepleton, RN, has averred that the United States Marshals Service has reviewed Dr. Mesko's recommended treatment plan and, as of December 12, 2016, has approved all oncology appointments and treatments for

the duration of Defendant's custody. (Docket No. 37-1). Further, Dr. Mesko prepared a second letter, dated December 16, 2016, wherein he confirmed that he received approval for Defendant's treatment on December 12, 2016 and that he "[has] been assured that [Defendant] will not be transferred during his treatment course." (Docket No. 37-2 at 1). After outlining Defendant's treatment plan, Dr. Mesko noted that he "made it very clear that [Defendant] will need to be in isolation, from the general prison population, when he does begin his systemic chemotherapy."[2] (*Id.*). Similarly, Ms. Steepleton confirmed that based upon Dr. Mesko's correspondence, Defendant will not become immunocompromised from the radiation treatment but will during chemotherapy. (Docket No. 37-1). She averred that when Defendant becomes immunocompromised, the Northeast Ohio Correction Center will provide protective equipment for its staff and for Defendant and will provide alternative housing in Health Services that will limit Defendant's susceptibility to illness. (*Id.*).

15. In balancing Defendant's health condition with his past conduct history relating to drug or alcohol abuse, criminal history, and record concerning appearance, the Court finds that § 3142(g)(3)(B) weighs in favor of detention. *See, e.g.*, *United States v. Scott*, No. 12-CR-20066, 2012 U.S. Dist. LEXIS 105332, at *8-9 (D. Kan. July 30, 2012) (denying motion for review of detention and finding that although the defendant had breast cancer, she was a danger to the community because she was charged with possession of firearm and drug trafficking crimes); *United States v. Kasim*, No. 2:07-CR-56, 2010 U.S. Dist. LEXIS 95845, at *7-11 (N.D. Ind. Sept. 13,

---

[2] In his letter, Dr. Mesko stated that Defendant would begin five weeks of radiation treatment on December 19, 2016 and would undergo radical resection and reconstruction of his hip on December 23, 2016. (*Id.*). Thus, the Court notes that granting Defendant's request for a hearing will disrupt his current treatment plan.

2010) (denying motion for review of revocation where the defendant, who had Stage IV lung cancer, was fully functioning despite his diagnosis and was "unlikely to abide by conditions that any pretrial release would require"). *Cf. United States v. Goss*, No. 3:14-CR-62, 2015 U.S. Dist. LEXIS 25421, at *7-8 (E.D. Tenn. 2015) (permitting release pending sentencing, subject to numerous conditions, where the defendant had terminal cancer, was expected to live "for a very short time," and was found to be neither a risk of flight nor a danger to the community). Accordingly, Defendant's history and characteristics weigh in favor of detention.

16. The fourth and final factor, the nature and seriousness of the danger to any person or the community, likewise favors pretrial detention in this case. *See* 18 U.S.C. § 3142(g)(4). First, Defendant has been convicted of multiple drug offenses and is now charged with being a felon in possession of a firearm. Drug and firearm offenses are "frequently equated with danger to the community." *United States v. Coleman*, 777 F.2d 888, 893-94 (3d Cir. 1985) (considering defendant's prior drug conviction in context of Bail Reform Act); *Tyson*, 2007 U.S. Dist. LEXIS 95281, at *12-13 (E.D. Pa. Jan. 2, 2008) (noting that felon in possession of a weapon is a serious crime and whether crime involved a firearm to be considered); *United States v. Woodson*, No. 09-CR-117, 2012 U.S. Dist. LEXIS 2163, at *9 (D. Del. Jan. 9, 2012) (detention of alleged felon in possession of a firearm with prior felony convictions, evidence of violence and evidence of violations showing that defendant was "non-amendable" to supervision). Defendant's flagrant and repeated disregard of conditions likewise convinces the Court that he poses an unacceptable risk to the community. Therefore,

this factor weighs convincingly in favor of detention.

17. In sum, having conducted an independent examination of the record evidence, and the additional evidence provided by the parties, the Court concludes that all four factors set forth under 18 U.S.C. § 3142(g) weigh in favor of detention.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion is DENIED;

IT IS FURTHER ORDERED that Defendant shall remain detained in the custody of the Attorney General or a designated represented in confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal;

IT IS FURTHER ORDERED that Defendant must be afforded a reasonable opportunity to consult privately with defense counsel; and

FINALLY, IT IS ORDERED that on order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

                                          *s/ Nora Barry Fischer*
                                          Nora Barry Fischer
                                          United States District Judge

cc/ecf:  All Counsel of Record
         David Hammond c/o Linda E.J. Cohn, Esquire
         Pretrial Services/Probation Office
         U.S. Marshal